UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CVR ENERGY, INC.,

Plaintiff,

-v-

WACHTELL, LIPTON, ROSEN & KATZ, *et al.*,

Defendants.


USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED. 6/25/18

No. 14-cv-6566 (RJS)
No. 18-mc-237 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

This discovery dispute arises out of the long-running litigation between Plaintiff CVR Energy, Inc. and Defendants Wachtell, Lipton, Rosen & Katz, Benjamin M. Roth, and Andrew R. Brownstein. (Case No. 14-cv-6566.) On November 22, 2017, Defendants served a deposition subpoena on Edmund Gross, the former general counsel of Plaintiff CVR Energy, Inc. (18-mc-237, Doc. No. 2-1.) On December 8, 2017, Gross moved to quash the subpoena in the United States District Court for the Western District of Missouri, the district in which the deposition was noticed to occur. (18-mc-237, Doc. No. 1.) Defendants opposed the motion, and in the alternative sought transfer to this Court. (18-mc-237, Doc. No. 4.) On May 30, 2018, Judge Howard F. Sachs transferred Gross's pending motion to quash from the Western District of Missouri to this Court, where it was assigned to my docket as related to the underlying lawsuit. Plaintiff, Defendants, and Gross then filed letters addressing the status of the motion and renewing the parties' arguments regarding the propriety of the subpoena. For the reasons set out below, the motion to quash is denied.

Federal Rule of Civil Procedure 26(b)(2)(C) requires courts to limit "unreasonably cumulative or duplicative" discovery. Under Rule 26(c), courts have "discretion" to do so "by making 'any order

which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Am. High-Income Tr. v. AlliedSignal Inc.*, No. 02 Civ. 2506 (LTS) (JCF), 2006 WL 3545432, at *2 (S.D.N.Y. Dec. 8, 2006) (quoting Fed. R. Civ. P. 26(c)). Further, a party must obtain advance permission from a court when seeking to take the deposition of an individual who "has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). Rule 45, which governs subpoenas issued to third parties, "provides additional protection for non-parties subject to a subpoena." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003). Among other things, Rule 45 requires that a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Nevertheless, "[t]he movant bears the burden of persuasion in a motion to quash a non-party subpoena." *Hughes v. Twenty-First Cent. Fox, Inc.*, --- F.R.D. ---, 2018 WL 1936096, at *2 (S.D.N.Y. Apr. 24, 2018).

Gross argues that Defendants' deposition subpoena should be quashed because (1) he has already been deposed three times in this case (18-mc-237, Doc. No. 2 at 5; *see also* 18-mc-237, Doc. No. 5 at 3–6) and (2) because Defendants have "presented no justification for [their] alleged need to conduct a third deposition," which Gross believes would be unreasonably cumulative of his prior testimony (18-mc-237, Doc. No. 2 at 5; 18-mc-237, Doc. No. 5 at 7–8.) Both of Gross's arguments fail.

First, Gross has not been deposed in *this* case. Although Plaintiff points out that Gross has given deposition testimony in two state court matters related to the takeover of CVR Energy, Inc. as well as during the Securities and Exchange Commission's ("SEC") investigation into Plaintiff's disclosures, Rule 30(a)(2)(A)(ii) requires court approval only "when a party seeks to conduct a second deposition of the same witness in the exact *same* federal case." *Am. Airlines, Inc. v. Travelport Ltd.*, No. 4:11-cv-244-Y, 2012 WL 12884824, at *2 (N.D. Tex. Sep. 19, 2012); *see also Collins v. Progressive Mich. Ins. Co.*, No. 15-cv-13651, 2017 WL 1177684, at *2 (E.D. Mich. Mar.

30, 2017) ("First, Defendant was not required by Rule 30(a)(2)(A)(ii) to seek leave from the Court before attempting to depose [a witness] because, while he may have been deposed in the state court case, he was not deposed in this case."). As such, Defendants were not required to seek leave before issuing the deposition subpoena at issue here.

Second, Gross has not demonstrated that Defendants' requested deposition will be unreasonably cumulative of his prior testimony, principally because (1) Defendants were not present at Gross's SEC deposition (18-mc-237, Doc. No. 4 at 3–4), and (2) Gross's last deposition in the state court case occurred in January 2015, before CVR "amend[ed] its complaint to allege malpractice relating to its SEC disclosures" (14-cv-6566, Doc. No. 155 at 1). Consequently, Defendants have not had the opportunity to examine Gross regarding the SEC investigation, which Plaintiff claims was precipitated by Defendants' malpractice. Further, although it is true that this case commenced nearly four years ago, it bears noting that the case was dormant for more than fifteen months, between the Court's dismissal of this action on res judicata grounds in March 2016 (14-cv-6566, Doc. No. 96) and its reopening in July 2017 (Doc. No. 105). As relevant here, Plaintiff only recently completed its document production, and Defendants seek to question Gross about several newly-uncovered documents. (14-cv-6566, Doc. Nos. 155, 158.)

Accordingly, IT IS HEREBY ORDERED that Gross's motion to quash the subpoena is DENIED. The Clerk of Court is respectfully directed to close miscellaneous case number 18-mc-237. SO ORDERED.

Dated:    June 25, 2018
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3